UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, et al.,

            Plaintiffs,

            -against-

CITY STONE, INC., et al.,

            Defendants.

------------------------------------x

01 Civ. 3568 (MBM) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Chief Magistrate Judge:**

**To the Honorable Michael B. Mukasey, United States Chief District Judge:**

        On November 10, 2005, Chief Judge Mukasey granted plaintiffs a default judgment against defendants City Stone and Charles Emslie. (Dkt. No. 19: 11/10/05 Order.)[1] On November 22, 2005, Chief Judge Mukasey referred the case to me for an inquest, and I set a schedule for written submissions. (Dkt. No. 20: 11/22/05 Reference Order; Dkt. No. 21: 12/2/05 Peck Order.) The scheduling order required defendants to submit their papers on the inquest by December 23, 2005. (12/2/05 Peck Order.) Not surprisingly, defendants did not file any submissions.

---

[1] The parties stipulated to the dismissal of the other defendants (the "Settling Defendants") on or about November 7, 2005. (Dkt. No. 18: 11/7/05 Stip. & Order.)

For the reasons set forth below, the Court should enter judgment for plaintiffs against defendants City Stone and Emslie for $101,820.77.

**FACTS**

"Where, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

The complaint in this case alleges that plaintiffs, inter alia, "are jointly-administered, multi-employer, labor-management trust funds" organized under the labor laws and considered employee benefit plans within the meaning of ERISA, and that the plaintiff Union is a labor organization pursuant to the Taft-Hartley Act. (Dkt. No. 1: Compl. ¶¶ 4-10.) Defendant City Stone, Inc. was an employer which executed a collective bargaining agreement with the plaintiff Union and was obligated to submit monetary contributions including dues checkoffs, and make reports, to plaintiffs. (Compl. ¶ 11.) Defendant Emslie is President of City Stone with authority and control of City Stone's contributions to the Funds and the Union. (Compl. ¶ 16.)

The complaint alleges that defendant City Stone owes plaintiffs fringe benefit contributions (Compl. ¶¶ 18-27), plus statutory damages, interest and attorney fees (Compl. ¶¶ 28-40); dues checkoff amounts (Compl. ¶¶ 49-57) and NYLPAC deductions (Compl. ¶¶ 58-66). The

complaint also seeks contractual penalty amounts and costs and attorneys fees. (Compl. ¶ 67-84.) The complaint also seeks an audit and injunctive relief. (Compl. ¶¶ 41-48, 85-95.)

## ANALYSIS

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiffs have summarized their damage claim as follows:

> In the instant action, and pursuant to their right under Article VI, § 17 of the Agreement, plaintiffs Funds audited the books and records of defendant City Stone. After a series of payments were made, the remaining balance due and owing by defendants City Stone and Emslie and for the period January 27, 1998 through June 30, 2001 was $35,487.00 in fringe benefit principal, $2,875.90 in dues checkoff principal, and $245.05 in PAC principal. Plaintiffs also claim that defendants City Stone and Emslie owe $13,495.75 in interest on fringe benefits principal, $13,495.75 in statutory damages, $1,368.39 in interest on dues checkoff principal, $114.52 in interest on PAC principal, $190.00 in costs, $28,077.50 in attorneys' fees, and $14,558.41 in imputed audit costs. Said interest calculations are calculated through October 1, 2005, and do not include interest paid by the Settling Defendants. Said attorneys' fees were calculated through August 31, 2005 and include a reduction in the amount of $8,141.00 from the actual amount expended in this case. Said reduction was based upon the amount paid by the Settling Defendants.

(Dkt. No. 17: Pls. Br. at 11.)

Plaintiffs conducted audits of City Stone's books and records for the period January 27, 1988 through December 31, 1999 and January 1, 2000 through June 30, 2001. (Dkt. No. 16: Pls. Rule 56.1 Stmt. ¶ 22; Dkt. No. 16: Giammona Aff. ¶ 11. The audit results showed a

deficiency in fringe benefit payments of $22,386.58 and $94,275.92 for the two periods. (Pls. Rule 56.1 Stmt. Exs. C-D: Audit Reports; see Pls. Rule 56.1 Stmt. ¶¶ 22-23; Giammona Aff. ¶¶ 11-12.) Payments to plaintiffs by the Settling Defendants reduced defendants City Stone and Emslie's liability for fringe benefits to $35,487 for the period January 27, 1988 to June 30, 2001. (Giammona Aff. ¶¶ 13-14; Pls. Rule 56.1 Stmt. ¶ 31.)

Dominick Giammona, the "Deficiency Coordinator" for the plaintiff Funds, has sworn that defendants City Stone and Emslie owe the Funds $2,875.90 in dues checkoffs and $245.05 in PAC contributions for the period January 27, 1998 through June 30, 2001. (Giammona Aff. ¶ 14; Pls. Rule 56.1 Stmt. ¶ 31.) Plaintiffs should be awarded these principal amounts.

In addition to the principal amount, ERISA entitles the plaintiff Funds to interest, liquidated damages and attorneys' fees:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Plaintiffs' brief explained the interest rates used and the basis for the interest amounts. (Pls. Br. at 13, 17-18.)

The Court therefore should award the following:

| | |
|---|---:|
| Fringe Benefits Principal | $35,487.00 |
| Interest on Fringe Benefits | 13,495.75 |
| Liquidated Damages on Fringe Benefits | 13,495.75 |
| Dues Checkoff Principal | 2,875.90 |
| Interest on Dues Checkoff | 1,368.39 |
| PAC Principal | 245.05 |
| Interest on PAC | 114.52 |

Plaintiffs also are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D) (quoted above). Plaintiffs' attorneys' fees amounted to $36,218.50, and plaintiffs have credited defendants with the $8,141 that plaintiffs received for attorneys' fees from the Settling Defendants, for a fee request of $28,077.50. (Dkt. No. 16: Vollbrecht 9/27/05 Aff. ¶¶ 40-42.) That amount is reflected in counsel's computerized contemporaneous time records. (Pls. Rule 56.1 Stmt. Exs. F-O.) Having reviewed the time sheets, the Court believes a further reduction is appropriate

to reflect duplicative and/or vague time entries. Accordingly, the Court should award plaintiffs attorneys' fees of $20,000. The Court should also award $150 for costs, for the filing fee for this action.

Finally, plaintiffs seek audit fees pursuant to the formula in the Collective Bargaining Agreement, in the amount of $14,558.41. (Pls. Rule 56.1 Stmt. ¶¶ 32-37; Giammona Aff. ¶¶ 16-20.) The Court should award that amount.

## **CONCLUSION**

For the reasons stated above, the Court should award plaintiffs $101,820.77, as follows:

| | |
|---|---:|
| Fringe Benefits Principal | $35,487.00 |
| Interest on Fringe Benefits | 13,495.75 |
| Liquidated Damages on Fringe Benefits | 13,495.75 |
| Dues Checkoff Principal | 2,875.90 |
| Interest on Dues Checkoff | 1,368.39 |
| PAC Principal | 245.05 |
| Interest on PAC | 114.52 |
| Legal Fees | 20,000.00 |
| Costs | 150.00 |
| Audit Fees | 14,558.41 |
| Total | $101,820.77 |

## SERVICE

Plaintiffs' counsel is to serve this Report and Recommendation on defendants City Stone and Emslie and file proof of service with the Court.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Michael B. Mukasey, 500 Pearl Street, Room 2240, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Chief Judge Mukasey. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989);

Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:   New York, New York
         January 9, 2006

Respectfully submitted,

**Andrew J. Peck**
United States Chief Magistrate Judge

Copies to:   Michael J. Vollbrecht, Esq.
             Jeffrey B. Silverstein, Esq.
             Chief Judge Michael B. Mukasey